IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT NELSON HOWELL,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 01-CV-607-DRH** |
| **vs.** ) | |
| ) | **CRIMINAL NO. 98-CR-30200** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Robert Nelson Howell is persistent, to say the least. He refuses to let this case die, despite the many fatal wounds that have been inflicted upon it.[1] A brief recap of the proceedings follows:

The Court denied Howell's motion under 28 U.S.C. § 2255, finding that his guilty plea was knowing and voluntary and, consequently, that this Section 2255 motion was barred by the waiver provisions in the plea agreement. After filing an unsuccessful motion for reconsideration, Howell then filed a notice of appeal; his motion for issuance of a certificate of appealability was denied by both this Court and the Seventh Circuit Court of Appeals. Howell then filed another motion to vacate judgment pursuant to Rule 60(b), which the Court also denied. On appeal, the Seventh Circuit found that because Howell attempted to present new claims in his Rule 60(b) motion, that motion should have been construed as a second collateral attack on his conviction. Therefore, the

---

[1] Howell's persistence extends well beyond the parameters of this particular case. The Court notes that he has filed at least four other cases in this District that attempt to challenge at least some portion of his conviction or sentence. *See, e.g., Howell v. United States*, Case No. 04-cv-685-DRH (S.D. Ill., filed Sept. 13, 2004); *Howell v. United States*, Case No. 04-cv-724-DRH (S.D. Ill., filed Oct. 12, 2004); *Howell v. Thompson*, Case No. 04-cv-945-GPM (S.D. Ill., filed Dec. 17, 2004); *Howell v. Thompson*, Case No. 05-235-WDS (S.D. Ill., filed April 4, 2005).

Seventh Circuit vacated that order and remanded the case "for a jurisdictional dismissal," which was done on February 1, 2005.

Now, almost one year later, Howell has filed yet another motion to vacate judgment (Doc. 37).[2]  In this motion, he "contends that the District Court erred when determining his Rule 60(b)(6) motion was a second or successive § 2255."  However, that determination was *not* made by *this* Court in the first instance; rather, that determination was made by the Seventh Circuit.  In essence, Howell asks this Court to overrule the Seventh Circuit's holding, something this Court simply does not have the power to do.

In short, the instant motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   January 25, 2006.**


/s/    David RHerndon
**DISTRICT JUDGE**

---

[2] Exhibits attached to this motion include copies of the original § 2255 motion, the motion to supplement, the Court's judgment and order dismissing the case.  Because all these pleadings already exist in the record of this case, it was not necessary for Howell to go to the expense of copying them to submit with the instant motion.  The Court finds it interesting, however, that Howell has "blacked out" one complete sentence of the Court's order of May 22, 2002; specifically, he has obliterated the first complete sentence of the third paragraph on page 4 of that order.  The reason for this marking is unclear; does Howell believe the Court does not have a file copy of the complete order actually entered?