IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT NELSON HOWELL**,

**Plaintiff,**

v.

**UNITED STATES OF AMERICA,**

**Defendant.**  No. 01-0607-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

To say that Howell is persistent is an understatement. Again, Howell has filed another motion to vacate judgment pursuant to Rule 60(b)(6) Fed.R.Civil.P. in this case (Doc. 51) despite many denials of similar motions (*see* Docs. 16, 27, 38 & 50); two mandates from the Seventh Circuit dismissing his appeals (*see* Docs. 35 & 49) and a warning from this Court in this civil case not to file any more pleadings or risk sanctions (Doc. 50). Likewise, Howell has filed similar motions in his criminal case, 98-cr-30200-DRH, relating to his judgment and conviction.[1] Also, as noted in previous orders, Howell has filed several other unsuccessful actions in this District

---

[1] On November 17, 2000, the Court sentenced Howell to 360 months imprisonment and the Clerk of the Court entered judgment reflecting the same on November 27, 2000. Howell did not immediately appeal his sentence and judgment. Instead, he filed a petition pursuant to 28 U.S.C. § 2255, which was denied on the grounds that, as part of his plea agreement, he had waived his right to file such a challenge (Doc. 9). Thereafter on May 5, 2006, in his criminal case, Howell filed a notice of appeal of his sentence and judgment which the Seventh Circuit dismissed for lack of jurisdiction on June 28, 2006.

challenging his conviction and sentence.[2]  On March 21, 2007, the undersigned entered an Order warning Howell not to file anymore pleadings in this case or risk the imposition of sanctions.[3]  Specifically, the Order stated:

> Howell is now **WARNED** that should he file *anything* else in *this* action, he *will* be subject to sanctions.  *See* Fed.R.Civ.P. 11.  Those sanctions may include the imposition of monetary sanctions, an outright ban on any future filings in this District with respect to his conviction, or both.  Howell is **FURTHER WARNED** that he shall not file any new cases in this District that attempt to challenge his current confinement stemming from the criminal case reference in the caption, above.  The only exception will be if the Seventh Circuit authorizes Howell to file a second or sucessive motion under 28 U.S.C. § 2255.  Should Howell disregard this warning, he may be subject to sanctions under Rule 11, as detailed above.

(Doc. 50, p. 2).  Based on Howell's conduct, the Court finds that sanctions are warranted.  Specifically, the Court intends to sanction Howell $1,500.00 for his filings: $1000.00 for the motion to vacate and $500.00 for the power of attorney.  Therefore, the Court, pursuant to **Fed.R.Civ. P. 11(c)(3)**, **DIRECTS** Howell to show cause in writing on or before January 20, 2011 why he should not be sanctioned for filing frivolous motions and for violating the Court's March 21, 2007 Order.[4]

---

[2] **See, e.g.,** *Howell v. United States*, 04-685-DRH (S.D. Ill. Sept. 13, 2004); *Howell v. United States*, 04-0724-DRH (S.D. Ill Oct. 12, 2004); *Howell v. Thompson*, 04-0945-GPM (S.D. Ill. Dec. 17, 2004); *Howell v. Thompson*, 05-0235-WDS (S.D. Ill. April 4, 2005).

[3] The Court notes that on February 11, 2009, it ordered Howell not to file any more pleadings in his criminal case as it is closed.  Despite the Court's Order, Howell continued to file pleadings in that matter as well.

[4] Rule 11 provides, in pertinent part, that "[b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of

Further, the Court finds that Howell's motion to vacate judgment pursuant to Rule 60(b)(6) Fed.R.Civil.P. is without merit and the Court **STRIKES** Howell's motion to vacate and power of attorney (Doc. 51).

**IT IS SO ORDERED.**

Signed this 21st day of December, 2010.

David R. Herndon
2010.12.21
12:37:55 -06'00'

**Chief Judge
United States District Court**

---

litigation[.]" **Fed. R. Civ. P. 11(b)(1)**. The rule provides further that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or isresponsible for the violation." **Fed. R. Civ. P. 11(c)(1)**. "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." **Fed. R. Civ. P. 11(c)(3)**. "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated" and "[t]he sanction may include nonmonetary directives" or "an order to pay a penalty into court[.]" **Fed. R. Civ. P. 11(c)(4)**. Finally, "[a]n order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction." **Fed. R. Civ. P. 11(c)(6)**. Rule 11 applies fully, of course, to pro se litigants. *See Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1182 n.4 (7th Cir. 1989); *Hilgeford v. Peoples Bank*, 776 F.2d 176, 177-78 (7th Cir. 1985). Also, a court retains jurisdiction to impose Rule 11 sanctions notwithstanding the fact that judgment has been entered in an action and the action has been dismissed. *See Willy v. Coastal Corp.*, 503 U.S. 131, 137-38 (1992); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 153-54 (7th Cir. 1994).