IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT NELSON HOWELL**,

Petitioner,

v.

**UNITED STATES OF AMERICA**,

Respondent.                                          No. 01-0607-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

On December 21, 2010, the Court entered a Show Cause Order giving Howell up to and including January 20, 2011 to explain why he should not be sanctioned $1,500.00 for filing frivolous motions and for violating the Court's March 21, 2007 Order warning Howell not to file anymore pleadings in this case or risk the imposition of sanctions (Doc. 53).[1] As of this date, Howell has not responded to the Show Cause Order instead he filed *another* motion for reconsideration on January 18, 2011 (Doc. 53). Based on the following, the Court imposes a $1,500.00 sanction on Howell and strikes Howell's motion for reconsideration.

Rule 11 provides, in pertinent part, that "[b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of

---

[1] Also, in the December 21, 2010 Order, the Court set forth a detailed recitation of the many filings that Howell has filed in this case as well as his criminal case and several other civil cases. Thus, the Court need not repeat these lengthy facts another time.

the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" Fed. R. Civ. P. 11(b)(1). The rule provides further that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or isresponsible for the violation." Fed. R. Civ. P. 11(c)(1). "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated" and "[t]he sanction may include nonmonetary directives" or "an order to pay a penalty into court[.]" Fed. R. Civ. P. 11(c)(4). Finally, "[a]n order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction." Fed. R. Civ. P. 11(c)(6).

Rule 11 applies fully, of course, to pro se litigants. *See Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1182 n.4 (7th Cir. 1989); *Hilgeford v. Peoples Bank*, 776 F.2d 176, 177-78 (7th Cir. 1985). Also, a court retains jurisdiction to impose Rule 11 sanctions notwithstanding the fact that judgment has been entered in an action and the action has been dismissed. *See Willy v. Coastal Corp.*, 503 U.S. 131, 137-38 (1992); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990); *Pollution*

*Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 153-54 (7th Cir. 1994).

The Seventh Circuit has made clear that the courts take action to ensure that their resources are not squandered by a litigants's stream of meritless cases. *Alexander v. United States*, 121 F.3d 312, 316 (7th Cir. 1997) ("Courts have inherent powers to protect themselves from vexatious litigation"). Courts may impose fines on abusive filers and bar them from bringing new actions. *See Montgomery v. Davis*, 362 F.3d 956 (7th Cir. 2004).

This is not a situation in which the Court is threatening to impose sanctions on Howell for making a layperson's mistake of law; rather, as aptly demonstrated by Howell's repeated filings in this case and his other cases, Howell's abuse of the judicial process is obvious to any observer. Simply put, Howell will not accept defeat despite the various times his motions and claims have been rejected. Further, he refuses to follow the Court's orders regardless of being warned several times. There is no question in the Court's mind that Howell presented a pleading/pleadings to the Court for an improper purpose, within the meaning of Rule 11. Moreover, the Court allowed Howell a chance to show cause in writing why he should not be sanctioned. Instead of responding to the Court's Order, Howell merely filed another motion for reconsideration that did not even mention, let alone address, the Court's Show Cause Order (Doc. 53).

That said, the Court is left to craft an appropriate sanction. As noted by the Seventh Circuit in *Montgomery*, 362 F.3d at 957:

"The PLRA applies only to actions filed under 42 U.S.C. § 1983, *Martin*

*v. United States*, 96 F.3d 853 (7th Cir. 1996); *Mack* explicitly exempts criminal cases and petitions challenging the fact or duration of confinement from the filing bar, *Mack*, 45 F.3d at 186 and *Alexander* announces a modified *Mack* targeting abusive § 2244(b)(3) applications, *Alexander*, 121 F.3d at 315."

Review of pertinent Seventh Circuit authority leads the Court to conclude that an appropriate sanction in this case is a monetary sanction of $1500.00 paid by Howell to the Clerk of the Court. Based on Howell's conduct, the Court finds that sanctions are warranted and that amount will serve as a deterrent to others for similar conduct. Specifically, the Court sanctions Howell $1,500.00 for his filings: $1000.00 for the motion to vacate and $500.00 for the power of attorney.

Accordingly, the Court **SANCTIONS** Howell $1,500.00 for his frivolous filings and for violating the Court's Order. The Court bars Howell from filing any new pleadings in this case as he has received federal habeas review of his underlying criminal conviction and from filing any new civil action in the district court until he pays this fine. *See Montgomery*, 362 F.3d at 958 ("Because both Montgomery and Sumbry have received federal habeas corpus review of their current convictions, they are effectively barred from filing any civil action in the district courts until they settle their debts to the federal judicial system"). Exempt from this restriction are: a notice of appeal from this Order; any papers sought to be filed by Howell in a criminal case to which Howell is a party defendant; and a habeas corpus petition that attacks a state court imposed criminal judgment. As the Seventh Circuit disapproves of perpetual orders, *Mack*, 45 F.3d 185, 186 (7th Cir. 1995), Howell may seek modification or rescission of this order, but not before two years have passed. Any

papers submitted to the Court by Howell shall be accompanied by a copy of this Order.

Further, the Court **DIRECTS** the Clerk of the Court to notify the warden of the Forrest City Federal Correctional Complex of petitioner Howell's obligation to pay the sanction above.[2] It will be up to warden to determine how amounts deposited to petitioner's account might be utilized to pay his debt to this Court, even thought the installment provision in 28 U.S.C. § 1915(b)(2) is not directly applicable.

**IT IS SO ORDERED.**

Signed this 4th day of April, 2011.

Digitally signed by
David R. Herndon
Date: 2011.04.04
16:19:39 -05'00'

**Chief Judge
United States District Court**

---

[2] The docket sheet states that Howell is incarcerated at United States Penitentiary - Atlanta. However, the Court conducted an inmate search on the Federal Bureau of Prisons website and found that Howell is actually housed at Forrest City Federal Correctional Complex located in Arkansas.